■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DEVONISH, Appellant.—Judgment, Supreme Court, New York County (Irving Lang, J.), rendered October 17, 1986, convicting defendant of two counts of burglary in the first degree and one count of criminal possession of a weapon in the third degree and sentencing him as a second felony offender to concurrent terms of imprisonment of from 5 to 10

years on each of the burglary counts and 3½ to 7 years on the weapon count, is unanimously affirmed.

Defendant challenges portions of the prosecutor's summation, but at trial either failed to object, giving the court an opportunity to strike the remarks or give curative instructions, or give general objections, not sufficiently alerting the court to the complaints he now raises. Therefore, these issues have not been preserved for our review (*People v Dordal,* 55 NY2d 954, 956; *People v Balls,* 69 NY2d 641). In any event, were we to reach these contentions, in the interest of justice, we would nevertheless affirm. Contrary to defendant's contentions, the prosecutor did not mischaracterize the defense or the evidence, or express a personal belief in defendant's guilt. Further, a prosecutor's summation is evaluated by comparison with that given by the defense (*People v Colon,* 122 AD2d 151). Here, the prosecutor was responding to extensive attacks on the credibility of the police witnesses.

Defendant also contends that the court did not charge the jury on circumstantial evidence regarding the second burglary count. Such charge is required only where the evidence is "wholly" circumstantial (*People v Silva,* 69 NY2d 858, 859), but a review of the record indicates that the charge was adequately given and stated the applicable standard (*People v Sanchez,* 61 NY2d 1022, 1024). Further, any possible error was harmless, as the inferences to be drawn from the evidence establishing guilt were direct and compelling (*People v Borazzo,* 137 AD2d 96).

Defendant's *pro se* contention that the indictment failed to adequately apprise him of the nature of the conduct which is the subject of the accusation (CPL 200.50) is also without merit. Concur—Kupferman, J. P., Asch, Wallach, Smith and Rubin, JJ.