■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STERLING FLEMING, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered August 20, 1987, convicting him of attempted murder in the second degree and arson in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence adduced at the trial establishes that a fire was started in the defendant's mother's apartment by putting a match to combustible liquid poured on the mattress at the foot of the bed. Burned clothing was found on the bed after the fire. The fire caused smoke damage to the ceiling and walls, heat damage to a light fixture in the ceiling, and charring to the mattress and bed frame. The evidence also established that the defendant, who was at the apartment at the time the fire started, admitted to neighbors that, because of a dispute with his mother over money, he "just tried to burn the bitch", that he tied her up and set her on fire, and that he "wanted the bitch to die". The defendant's mother, who was conscious after the fire and who had no burns on her body and no thermal injury to her lungs, died in the hospital 10 hours later. According to the prosecution, she died of smoke inhalation, while, according to the defense, her death was the result of a heart attack.

As a result of insufficient proof that the defendant's mother died as a direct result of the fire, the court found the defendant not guilty of murder in the second degree. It nonetheless convicted him of attempted murder in the second degree. It also found him guilty of arson in the fourth degree. The defendant contends on appeal that there was no "damage" to the building so as to support the arson conviction (see, Penal Law § 150.05 [1]), and that the evidence was inadequate to

establish that he intended to cause his mother's death so as to support a conviction for attempted murder in the second degree *(see,* Penal Law §§ 110.00, 125.25 [1]). We disagree.

Viewing the evidence in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find it was legally sufficient to establish the defendant's guilt of both crimes beyond a reasonable doubt. It is not necessary that a building "burn" in order for there to be arson in the fourth degree. The slightest damage to a building caused by a fire which is intentionally set is sufficient to establish the damage element of this crime *(cf., People v McDonald,* 68 NY2d 1, 13-14) and the smoke and heat damage did so here *(cf., People v McDonald, supra).* Moreover, the fact that the defendant intended to cause his mother's death may be proven by circumstantial evidence *(see, People v Ozarowski,* 38 NY2d 481, 489) and the trier of fact may infer that the defendant is presumed to have intended the natural and probable consequences of his acts *(see, People v Ozarowski, supra,* at 490; *see also, People v Getch,* 50 NY2d 456). The physical evidence together with the defendant's admissions are here sufficient to establish the defendant's intent to kill *(cf., People v Agron,* 10 NY2d 130, 139, *cert denied* 368 US 922). Finally, upon the exercise of our factual review power, we are satisfied that the findings of guilt were not against the weight of the evidence *(see,* CPL 470.15 [5]). Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.