■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN SANDERS, Appellant.—Judgment, Supreme Court, Bronx County (Phylis Bamberger, J.), rendered March 30, 1989, convicting defendant after a jury trial of Robbery in the Second Degree, for which he was sentenced as a second felony offender to 3½ to 7 years, unanimously affirmed.

The evidence established that defendant acted as a decoy to distract the victim as his accomplice carried out the robbery at gunpoint. The victim was sitting in a parked car, waiting for a passenger when defendant approached, asked for a

cigarette, then walked around and waited in front of the car. Immediately, the accomplice forced his way into the front seat of the car, held a gun to the victim's head, and demanded money. As the victim tried to get out of the driver's door, defendant pushed that door closed. The accomplice then stole $800 from the victim and fled. An unidentified bystander helped the victim restrain defendant. Viewing the evidence in a light most favorable to the People, and giving due deference to the jury's findings of credibility *(People v Bleakley,* 69 NY2d 490, 495; *People v Contes,* 60 NY2d 620, 621) defendant's guilt was proved beyond a reasonable doubt by overwhelming evidence. Testimony by witnesses established that defendant acted in concert with the unapprehended co-perpetrator *(see, People v Charles,* 168 AD2d 339).

The prosecutor's statement during his summation that the victim's passenger was the same woman who had been seen in the company of the co-perpetrator was not supported by evidence. However, the Court properly instructed the jury to rely only on the evidence, and that counsel's arguments were not evidence. Defendant advances no argument which successfully rebuts the presumption that the jury followed this instruction *(People v Comer,* 73 NY2d 955, 956-957).

Since this was a case of mixed direct and circumstantial evidence, the Court was not required to provide a circumstantial evidence charge *(see, People v Barnes,* 50 NY2d 375, 380; *People v Devonish,* 159 AD2d 320, 321, *lv denied* 76 NY2d 733; *see also, People v Johnson,* 159 AD2d 442, *lv denied* 76 NY2d 790).

The court's *Sandoval* ruling was a sound exercise of discretion and we decline to disturb it. *(People v Jones,* 158 AD2d 346, *lv denied* 76 NY2d 737.) Concur—Murphy, P. J., Wallach, Asch, Kassal and Smith, JJ.