■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VIRGILIO VALERIO, Appellant.—Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered July 18, 1990, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree, and sentencing him, as a predicate felony offender, to concurrent prison terms of 4-¾ to 9-½ years, unanimously affirmed.

Since the People were required to prove that defendant possessed heroin with the specific intent to sell it, the $2060 cash recovered from him upon his arrest was properly admitted in evidence *(People v Milom,* 75 AD2d 68, 71-72). The issue of whether defendant was deprived of a fair trial by the absence of a circumstantial evidence charge is unpreserved since defendant did not specifically request it at trial (CPL 470.05 [2]). In any event, were we to reach the issue in the interest of justice, we would find that the evidence presented was both direct and circumstantial, and that the charge therefore was not warranted *(People v Devonish,* 159 AD2d 320, *lv denied* 76 NY2d 733). Concur—Sullivan, J. P., Rosenberger, Ross, Smith and Rubin, JJ.