■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORI FLEMMING, Appellant. [594 NYS2d 940] —Judgment unanimously affirmed. Memorandum: Defendant was convicted of one count of criminal sale of a controlled substance in the second degree and three counts of criminal possession of a controlled substance in the third degree. The charges arose from two separate incidents. On August 6, 1990, an undercover investigator arranged to purchase cocaine from one Alphonse Napoli. He went to Napoli's home and, according to the undercover investigator's testimony, defendant arrived in a vehicle and handed Napoli a small, brown paper bag. Napoli sold the contents of that bag to the undercover investigator for $1,100. The bag contained cocaine.

On August 30, 1990, the undercover investigator arranged another purchase of cocaine from Napoli. The undercover investigator was at Napoli's home and defendant arrived on the scene in a vehicle. Defendant was the driver and the passenger, one Larry Mitchum, handed the brown paper bag, which contained cocaine, to Napoli. The undercover investigator purchased the contents of the bag from Napoli for $1,100.

We reject defendant's contention that she was denied effec-

tive assistance of counsel because her attorney failed to anticipate that the court might charge the jury that they could infer defendant's knowledge of the identity of the drugs from her possession of them. The issue whether defendant knew the contents of the brown paper bag was the critical issue to be resolved at trial. Defense counsel, on cross-examination of the People's witnesses and on summation, brought out and emphasized evidence that would lead the jury to the conclusion that defendant lacked such knowledge. Counsel also argued strenuously, albeit unsuccessfully, against the People's request that the court charge that a rebuttable presumption of knowledge arose from defendant's possession, contending that the evidence was not sufficient to support the presumption. In our view, counsel's trial performance was effective (see, People v Baldi, 54 NY2d 137). Finally, defendant wholly failed to demonstrate that counsel's decision to waive a Sandoval hearing (see, People v Sandoval, 34 NY2d 371) was not based upon a valid trial strategy (see, People v Rivera, 71 NY2d 705).

Defense counsel requested a "circumstantial evidence charge", arguing that the People's proof was wholly circumstantial. The court agreed to give a circumstantial evidence charge, but only in regard to count six, which arose out of the incident on August 30, 1990. The court charged the definition of circumstantial evidence, including the "moral certainty" language, but limiting it to that count. That was error.

The evidence on the remaining charges, which arose out of the incident on August 6, 1990, was both direct and circumstantial. With respect to those counts, the "moral certainty" charge was not required (see, People v Sanders, 172 AD2d 397, 398, lv denied 78 NY2d 957; People v Devonish, 159 AD2d 320, 321, lv denied 76 NY2d 733). The general definition of circumstantial evidence, however, applied to those counts (see, People v Sanchez, 61 NY2d 1022) and should have been charged.

We conclude that the error does not require reversal. The direct evidence on the counts arising from the incident on August 6, 1990, placed the bag of drugs in defendant's hand and the inferences to be drawn from the evidence were "direct and compelling" (People v Devonish, supra, at 321). The court properly charged the jury on the elements of knowledge and intent and that it was the People's burden to prove both beyond a reasonable doubt. Under those circumstances, we conclude that the error did not contribute to the verdict (see, People v Ayala, 75 NY2d 422, 431, rearg denied 76 NY2d 773; People v Crimmins, 36 NY2d 230, 242).

Defendant is not entitled to reversal based upon People v

*Antommarchi* (80 NY2d 247, *rearg denied* 81 NY2d 759; *see, People v Mitchell,* 80 NY2d 519). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Criminal Sale Controlled Substance, 2nd Degree.) Present—Callahan, J. P., Green, Balio, Lawton and Doerr, JJ.