■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL FLORES, Appellant. [599 NYS2d 255] —Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J.) rendered November 9, 1990, convicting defendant after a jury trial of four counts of sodomy in the first degree, and sentencing him to concurrent terms of 5 to 15 years, unanimously affirmed.

At the close of the People's case, defense counsel first alerted the court that certain purported *Rosario* material had not yet been disclosed, but did not then move for a mistrial or request any other sanction. After the verdict but before sentencing, the document was disclosed to counsel, who represented at sentencing that he had reviewed the document and found it to be of no evidentiary value for the defense. On appeal, defendant argues that this concession, coupled with counsel's failure to move to vacate the verdict, demonstrates ineffective assistance of trial counsel. We disagree.

Implicit in the rule that a guilty verdict is to be vacated in the event of non-disclosure of *Rosario* material is a requirement that the material might have been of some value to the defense, although the defendant is under no burden to show how (*cf., People v Jones,* 70 NY2d 547, 552, n 4). When counsel candidly denies having any use for the material when it is finally disclosed, it cannot be said that the defendant has any substantive right to be vindicated, and there is no basis in law or logic to order a new trial when there is no new issue to be tried. There is no basis in the record to controvert counsel's conclusions, and neither can counsel's representation be deemed incompetent merely because he did not pursue a concededly frivolous substantive claim as a basis for a new trial. Concur—Sullivan, J. P., Ellerin, Kupferman, Ross and Asch, JJ.