■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO MATO, Also Known as PEDRO MATOS, Appellant. [631 NYS2d 841] —Judgment, Supreme Court, New York County (Juanita Bing Newton, J.), rendered October 8, 1991, convicting defendant, after a jury trial, of criminal possession of a controlled

substance in the first degree, criminal possession of a controlled substance in the third degree, criminal sale of a controlled substance in the third degree, and criminal possession of a weapon in the third degree and sentencing him to concurrent terms of 15 years to life, 3 to 9 years, 3 to 9 years and 2 to 6 years, respectively, unanimously affirmed.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference (*People v Malizia*, 62 NY2d 755, 757, *cert denied* 469 US 932), defendant's guilt was established beyond a reasonable doubt. The undercover offered credible, corroborated testimony that defendant actively solicited him and knowingly offered and agreed to sell him cocaine and that defendant intentionally aided his accomplice who distributed the drugs and collected the money. The evidence that defendant exercised control over the apartment that was used solely to distribute drugs and into which he brought the undercover, was sufficient to support the conclusion that defendant constructively possessed the additional cocaine and gun found therein (Penal Law § 10.00 [8]; *People v Robertson*, 48 NY2d 993).

Defendant has failed to preserve his contention that there was insufficient evidence of his knowledge of the weight of the drugs (*People v Gray*, 86 NY2d 10), and we decline to review the issue in the interest of justice.

The court did not preclude defendant's girlfriend from testifying and even if counsel's decision not to call her was a tactical error, defendant has failed to prove that he was deprived of a fair trial by less than meaningful representation (*People v Flores*, 84 NY2d 184, 186-187).

We have considered defendant's remaining arguments and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Williams, Tom and Mazzarelli, JJ.