492 S.E.2d 820

**In the Interest of CHRISTOPHER P., a minor under the age of seventeen years, Appellant.**

**No. 2734.**

Court of Appeals of South Carolina.

Heard Sept. 10, 1997.
Decided Oct. 13, 1997.
Rehearing Denied Nov. 20, 1997.

Deputy Chief Attorney Joseph L. Savitz, III, of SC Office of Appellate Defense, Columbia, for appellant.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Harold M. Coombs, Jr., Columbia; and Solicitor W. Townes Jones, IV, Greenwood, for respondent.

CONNOR, Judge:

The family court convicted Christopher P., a juvenile, of burning personal property and third degree arson. He appeals the denial of a directed verdict motion on the arson charge. We reverse.

## FACTS

After shooting pool with a friend at the student center at Erskine College, Christopher lit a cigarette and tossed the match into a planter containing an artificial tree. The ensuing fire burned the artificial tree and charred the inside of the planter. The paint on the wall behind the planter blistered. There was a fair amount of smoke throughout the lobby and the rest of the building.

## ANALYSIS

Our arson statute provides in pertinent part:

"A person who wilfully and maliciously ... sets fire to, burns, or causes to be burned ... a building ... with intent to destroy or damage the building ... is guilty of arson in the third degree...."

Code 1976, § 16–11–110(C).

At trial, the Erskine Vice–President for Administration testified:

Q.  Was it [the wall] burned down beyond the paint?

A.  No. The wall, as I say, was blistered. The planter that the fire started in was charred.

Q.  The wall was blistered, not charred?

A. The wall was blistered, right, and smoked up—you know, a good bit of smoke damage.

He also referred to the wall behind the planter as "scorched." The SLED arson investigator agreed the fire blistered the paint on the walls and left soot on them. The state acknowledged at oral argument there was no evidence of charring of the wall.

The sole issue on appeal, therefore, is whether blistering or scorching constitutes a burning.[1]

Most states today require charring of the wood, or a change in the fiber or composition of the structure for a burning. "The burning of any part of the structure, as distinguished from the burning of personal property therein, will suffice." W.S. McAninch and W.G. Fairey, *The Criminal Law of South Carolina*, 323 (3rd ed. 1996). Usually singeing, smoking, scorching, or discoloring by the heat, however, is not enough. *See,* Jay M. Zitter, Annotation, *What Constitutes "Burning" to Justify Charge of Arson,* 28 A.L.R.4th 482 (1984).

Moreover, many states have eliminated the need to determine whether a burning has occurred by amending their arson statutes to require only damage to the building and not a burning. *See, People v. Lockwood,* 240 Ill.App.3d 137, 181 Ill.Dec. 59, 64, 608 N.E.2d 132, 137 (1992), *appeal denied,* 151 Ill.2d 572, 186 Ill.Dec. 389, 616 N.E.2d 342 (1993); *Williams v. State,* 600 N.E.2d 962, 964 (Ind.Ct.App.1992); *State v. Williams,* 457 So.2d 610, 614 (La.1984); *People v. Fleming,* 164 A.D.2d 942, 560 N.Y.S.2d 50, 51 (1990), *appeal denied,* 76 N.Y.2d 1021, 565 N.Y.S.2d 771, 566 N.E.2d 1176 (1990). The South Carolina Legislature has not done so.

In construing a statute, its words must be given their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand the statute's operation. *Stephen v. Avins Constr. Co.,* 324 S.C. 334, 478 S.E.2d 74 (Ct.App.1996).

Blistering and scorching fall into the same category as singeing, smoking, or discoloring because the underlying sur-

---

1. We need not decide whether "sets fire to" and "burns" are the same. Whether Christopher "set fire to" the building was not argued to the trial judge nor was it argued in the appellate briefs.

face of the building was not altered in any way. *Zitter, supra* at 489. Therefore, we find no evidence to constitute a burning of the building.

Accordingly, the decision of the trial court on the arson charge is

**REVERSED.**

CURETON and GOOLSBY, JJ., concur.