■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON LEWIS, Also Known as AARON WILLIS, Appellant. [787 NYS2d 768]—

Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered October 25, 2002. The judgment convicted defendant, upon a jury verdict, of criminal possession of stolen property in the fourth degree and unauthorized use of a vehicle in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [5]) and unauthorized use of a vehicle in the second degree (§ 165.06), defendant contends that he was denied effective assistance of counsel. We reject that contention. Although defense counsel made certain concessions at trial, we conclude that those concessions were "based upon a valid trial strategy" and thus cannot form the basis for a determination that defense counsel was ineffective (*People v Flemming*, 191 AD2d 987, 988 [1993], *lv denied* 82 NY2d 717 [1993]; *see e.g. People v Flores*, 194 AD2d 439 [1993], *affd* 84 NY2d 184 [1994]; *People v Garrick*, 11 AD3d 395 [2004]; *People v Plaisted*, 2 AD3d 906, 909-910 [2003], *lv denied* 2 NY3d 744 [2004]; *see generally People v Benevento*, 91 NY2d 708, 712-713 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). We further conclude that "[d]efense counsel's conduct in eliciting testimony from a prosecution witness concerning defendant's prior uncharged bad acts can be explained as legitimate trial strategy consistent with the defense theor[y] that the . . . prosecution witness was biased against defendant" (*People v Pierce*, 303 AD2d 966, 966 [2003], *lv denied* 100 NY2d 565 [2003]; *see also People v O'Malley*, 282 AD2d 884, 885 [2001], *lv denied* 96 NY2d 866 [2001]). Additionally, defense counsel's failure to request a sentence of parole supervision under CPL 410.91 does not constitute ineffective assistance of counsel inasmuch as defendant could have been sentenced as a persistent felony offender. Further, the record does not support defendant's contention that defense counsel was ineffective in failing to argue that defendant's criminal conduct is attributable to substance dependence.

Finally, we conclude that the sentence is not unduly harsh or severe. Present—Green, J.P., Pine, Hurlbutt, Martoche and Smith, JJ.