THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v UKIAH R. ATKINS, Also Known as "K", Appellant. [834 NYS2d 757]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered September 22, 2003. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]). Contrary to defendant's contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The evidence presented at trial established that, before the shooting, defendant, a known drug dealer, was outside the apartment building where the victim was staying. A prosecution witness testified that, when he told defendant that there were "young-uns" selling drugs in the building, defendant asked if the victim was up there and then stated that he was "going to teach them a lesson." The witness then went inside the building and joined the victim, who was shot when she responded to a knock on the door of the apartment. The witness ran from the building and "almost collided" with defendant in an alleyway. The witness further testified that defendant was holding a black handgun. "The jury was entitled to resolve issues of credibility in favor of the People" (*People v Walek*, 28 AD3d 1246, 1246 [2006], *lv denied* 7 NY3d 764 [2006]), and we conclude that the jury did not fail to give the evidence the weight it should be accorded (*see generally Bleakley*, 69 NY2d at 495).

We reject the further contention of defendant that he was denied effective assistance of counsel based on certain concessions made by defense counsel at trial concerning defendant's prior uncharged bad acts. Those concessions were based upon a valid trial strategy "and thus cannot form the basis for a determination that defense counsel was ineffective" (*People v Lewis*, 13 AD3d 1171, 1172 [2004], *lv denied* 4 NY3d 854 [2005]). Finally, County Court properly refused to give a moral certainty charge inasmuch as there was both circumstantial and direct evidence of defendant's guilt (*see People v Daddona*, 81 NY2d 990, 992 [1993]). Present—Gorski, J.P., Lunn, Fahey, Green and Pine, JJ.