■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
RODNEY McNEILL, Appellant. [899 NYS2d 840]—

Judgment, Supreme Court, New York County (Marcy L. Kahn,
J.), rendered January 29, 2008, convicting defendant, after a
jury trial, of attempted murder in the second degree, assault in
the first degree and criminal possession of a weapon in the
second and third degrees, and sentencing him to an aggregate
term of 19¹/₂ years, unanimously modified, as a matter of discre-
tion in the interest of justice, to the extent of reducing the
sentence for the attempted murder to 15 years, resulting in a
new aggregate term of 15 years, and otherwise affirmed.

Defendant's challenge to the court's charge on prior inconsis-
tent statements is unpreserved and we decline to review it in
the interest of justice. As an alternative holding, we find that
any deficiency in the charge was harmless (see People v Crim-
mins, 36 NY2d 230 [1975]). Although the victim and defendant
gave different versions of how the victim came to receive
multiple gunshot wounds, the evidence, viewed as a whole,
overwhelmingly supported the victim's account and contradicted
defendant's.

Defendant's claims of prosecutorial misconduct in cross-examination and summation are also unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (*see People v Overlee,* 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro,* 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

Defendant received effective assistance of counsel under the state and federal standards (*see People v Benevento,* 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington,* 466 US 668 [1984]). Defendant argues that his counsel was ineffective for failing to object to allegedly improper aspects of the court's charge and the prosecutor's cross-examination. However, we conclude that counsel's failure to make these objections did not deprive defendant of a fair trial, affect the outcome of the case, or cause defendant any prejudice (*see People v Caban,* 5 NY3d 143, 155-156 [2005]; *People v Hobot,* 84 NY2d 1021, 1024 [1995]; *compare People v Turner,* 5 NY3d 476 [2005]).

The additional ineffective assistance arguments contained in defendant's pro se supplemental brief are unreviewable on the existing record. The remainder of the pro se claims are unpreserved, unreviewable, or otherwise procedurally barred.

Defendant's dismissal motion was properly denied as untimely.

We find the sentence excessive to the extent indicated. Concur—Tom, J.P., Sweeny, Moskowitz, DeGrasse and Manzanet-Daniels, JJ.