08-5521-pr
Rosario v. Ercole

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of August, two thousand ten.

- - - - - - - - - - - - - - - - - - - - -X

RICHARD ROSARIO,

     Petitioner-Appellant,

     - v.-                        08-5521-pr

SUPT. ROBERT ERCOLE, Green Haven Correctional Facility, ATTORNEY GENERAL ELLIOT SPITZER,

     Respondents-Appellees.

- - - - - - - - - - - - - - - - - - - - -X

**ORDER**

Following disposition of this appeal on April 12, 2010, petitioner-appellant Richard Rosario filed a petition for rehearing and rehearing in banc. Upon consideration by the panel that decided the appeal, the petition for rehearing is **DENIED**. An active judge requested a poll on whether to rehear the case in banc. A poll having been conducted and there being no majority favoring in banc review, rehearing

in banc is hereby **DENIED.**

Judge Wesley concurs in an opinion joined by Judges Cabranes, Raggi, Hall, and Livingston; Judge Katzmann concurs in a separate opinion; Chief Judge Jacobs dissents in an opinion joined by Judges Pooler, Lynch, and Chin; and Judge Pooler dissents in a separate opinion.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

RICHARD C. WESLEY, Circuit Judge, with whom Judge JOSÉ A. CABRANES, Judge REENA RAGGI, Judge PETER W. HALL, and Judge DEBRA ANN LIVINGSTON join, concurring in the denial of rehearing *en banc*.

We stand by the panel's decision in this case and support the Court's decision not to rehear this case *en banc*.

As the lead dissent from the denial of rehearing *en banc* concedes, the New York state standard is more protective of defendants than the federal standard. The New York Court of Appeals has expressed this sentiment in decision after decision. *See, e.g.*, *People v. Ozuna*, 7 N.Y.3d 913, 915 (2006); *People v. Turner*, 5 N.Y.3d 476, 480 (2005) (collecting cases). Yet because the state standard could be misapplied to diminish the prejudicial effect of a single error, members of this Court wish to encroach on the province of the state to demand that it reframe its standard for identifying ineffective assistance of counsel to mimic the less protective federal model. I believe such a drastic measure is unnecessary as a matter of law and unwarranted as a matter of comity. As the court's opinion in this case holds, an attorney error that prejudiced a defendant under the federal standard would necessarily affect the fairness of the process as a whole under the state standard. Thus,

1

to the extent that any state court failed to afford relief for prejudicial error, that oversight would be contrary to both the federal and state standard, and could be dealt with on case by case review.

Certainly the failure that the dissent fears did not occur in this case. As detailed in the court's opinion, in his assessment of the alibi witnesses at the hearing pursuant to New York Criminal Procedure Law 440.10(1), Justice Davidowitz looked specifically at the possible prejudicial effects of the very error at issue here. He did not minimize the mistake, but instead concluded that the omission of the additional alibi witnesses could not support an inference that, but for that omission, the outcome would have been different. The dissent focuses on but one passage from the state court opinion, arguing that Justice Davidowitz "shifted the focus" away from the error to the performance of counsel overall. The dissent fails to recount the full extent of the state court inquiry. As stated in the court's opinion:

> The [state] court noted that the two alibi witnesses that were presented at trial "had the best reason for remembering why defendant was present in Florida on June 19[,] 1996 — the birth of their son — an event that was more relevant for them than the events relied upon by the other

2

witnesses." He expressed skepticism as to the probative value of the witnesses presented at the hearing, calling the evidence "in some cases questionable and in others [raising] issues which could have created questions for a deliberating jury. For example, two of the witnesses — Lisette Rivero[] and Denise Hernandez — could not say where the defendant was on June 19 and 20." The judge "studied closely" the alibi witnesses presented at the hearing, and concluded they were "for the most part, questionable and certainly not as persuasive as the two witnesses who did testify, and were rejected by the jury" and the testimony they would have provided was "largely" cumulative. In spite of the failure to call the alibi witnesses, Justice Davidowitz determined "this jury verdict was *unimpeached* and amply supported by the evidence." (internal quotation marks omitted and emphasis added).

*Rosario v. Ercole*, 601 F.3d 118, 127 (2d Cir. 2010).

That said, I agree with the dissent that New York state courts would be wise to engage in separate assessments of counsel's performance under both the federal and the state standards. *See, e.g.*, *People v. McNeill*, 899 N.Y.S.2d 840, 841 (1st Dep't 2010). Such an exercise would ensure that the prejudicial effect of each error is evaluated with regard to outcome, and would guarantee that defendants get the quality of overall representation guaranteed under New York state law. This vigilance will also alleviate the risk that the federal courts will force state courts to abandon New York's generous standard for one akin to the more restrictive federal model.

3

KATZMANN, *Circuit Judge*, concurring in the denial of rehearing *in banc*.

The dissenters have identified possible challenges posed by New York's constitutional standard for ineffective assistance of counsel claims. As they note, the New York standard could leave room for New York courts to find a lawyer effective by focusing on the "fairness of the process as a whole," *People v. Benevento*, 91 N.Y.2d 708, 714 (1998), rather than on whether "there is a reasonable probability that . . . the result of the proceeding would have been different" absent defense counsel's mistakes, *Strickland v. Washington*, 466 U.S. 668, 694 (1984). *See Henry v. Poole*, 409 F.3d 48, 70-72 (2d Cir. 2005) ("paus[ing] to question whether the New York standard is not contrary to *Strickland*").

As both Chief Judge Jacobs' dissent and Judge Wesley's concurrence observe, however, such difficulties can be avoided by separate consideration of counsel's performance under the federal standard when a federal challenge is presented in the New York courts. For the reasons set forth in the panel's decision, *see Rosario v. Ercole*, 601 F.3d 118, 127 (2d Cir. 2010), I am satisfied that the trial court here engaged in such an inquiry, albeit "not delivered in *Strickland* terminology," *id.* (quoting *Rosario v. Ercole*, 582 F. Supp. 2d 541, 553 (S.D.N.Y. 2008)). Accordingly, this case does not require us to review New York's standard. Thus, I concur in the decision of the Court to deny rehearing *in banc*.

DENNIS JACOBS, Chief Judge, joined by ROSEMARY S. POOLER, GERARD E. LYNCH, and DENNY CHIN, Circuit Judges, dissenting from the denial of rehearing in banc.

I agree with the panel majority that the New York standard for ineffective assistance of counsel is more lenient to defendants generally, lacking as it does a "but for" prejudice requirement.  See People v. Turner, 5 N.Y.3d 476, 480 (2005).  But it is nevertheless contrary to the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984).  I respectfully dissent from the order denying in banc review because this defect likely will give rise to more cases that will bedevil the district courts, which are left to sort out case-by-case a problem that is systemic.[1]

## I

Under federal law, a lawyer is ineffective when conduct that falls "below an objective standard of reasonableness," Strickland, 466 U.S. at 688, creates "a reasonable probability that . . . the result of the proceeding would have been different," id. at 694.  "[U]nder New York law the

---

[1] Senior Circuit Judge Chester J. Straub, the author of the panel's minority opinion concurring in part and dissenting in part, was not authorized to participate in the in banc poll, but has endorsed the views expressed in this opinion.

1

focus of the inquiry is ultimately whether the error affected the 'fairness of the process as a whole.'" <u>Rosario v. Ercole</u>, 601 F.3d 118, 124 (2d Cir. 2010) (quoting <u>People v. Benevento</u>, 91 N.Y.2d 708, 714 (1998)). The test articulated by the New York Court of Appeals thus allows a lawyer whose overall performance is adequate to be deemed constitutionally effective notwithstanding an isolated lapse that calls the result into question--the very scenario that triggers relief under <u>Strickland</u>. The New York standard is fairly unambiguous:

> Two of our decisions have rejected ineffective assistance claims despite *significant mistakes* by defense counsel (<u>People v. Hobot</u>, 84 N.Y.2d 1021 (1995); <u>People v. Flores</u>, 84 N.Y.2d 184 (1994)). Those cases hold, and we reaffirm today, that such errors as overlooking a useful piece of evidence (<u>Hobot</u>), or failing to take maximum advantage of a <u>Rosario</u> violation (<u>Flores</u>), do not in themselves render counsel constitutionally ineffective where his or her *overall performance is adequate*. But neither <u>Hobot</u> nor <u>Flores</u> involved the failure to raise a defense as *clear-cut and completely dispositive* as a statute of limitations. Such a failure, in the absence of a reasonable explanation for it, is hard to reconcile with a defendant's constitutional right to the effective assistance of counsel.

<u>Turner</u>, 5 N.Y.3d at 480-81 (emphases added). Thus the New York test averages out the lawyer's performance while <u>Strickland</u> focuses on any serious error and its consequences.

In the passage quoted above, the <u>Turner</u> court relies on <u>Flores</u>. That is dubious precedent. In <u>Flores</u>, a case involving a single serious error, the New York Court of Appeals relied on the "totality of representation" to decide that defense counsel's waiver of a <u>Rosario</u> claim did not constitute ineffectiveness. <u>People v. Flores</u>, 84 N.Y.2d 184, 187 (1994). Years later, this Court granted habeas relief, finding "at least a reasonable probability . . . that had that <u>Rosario</u> claim been pressed, Flores would have been granted a new trial by the trial court or on appeal." <u>Flores v. Demskie</u>, 215 F.3d 293, 305 (2d Cir. 2000).

Because the New York standard allows the gravity of individual errors to be discounted indulgently by a broader view of counsel's overall performance, it is contrary to <u>Strickland</u>.

**II**

The present case illustrates the constitutional defect in the New York standard. Rosario's pre-trial and trial counsel admitted an uncommonly bad mistake in believing that the state court had denied an application for funds to send an investigator to find and interview about a dozen alibi witnesses who would swear that the defendant was in Florida

3

when the charged crime was committed in New York. This failure was not a misfire of strategy or tactics; it was conceded error. In denying Rosario's collateral challenge, the Supreme Court of the State of New York acknowledged as much, but then shifted the focus:

> The best and most reasonable explanation, then, is that there was a misunderstanding or mistake which persisted through the case and which the parties simply cannot explain. But it was not deliberate. And that does not alter the fact that both attorneys represented defendant skillfully, and with integrity and in accordance with the standards of "meaningful representation" defined by our appellate courts.

It is this shift--from the specific mistake to the broader performance--that concerns me and should concern the entire Court.


**III**

I recognize that some colleagues may not consider this case an ideal vehicle for deciding the issue, in view of the state court's alternative ruling that "an alibi defense *was* presented through the two witnesses who had the best reason for remembering why" Rosario was elsewhere when the crime was committed, and that the prospective additional alibi witnesses "were, for the most part, questionable and certainly not as persuasive as the two witnesses who did testify."

4

The panel majority seizes on this alternative ground to assert that the state court "considered the prejudicial effect of the errors, and concluded that the outcome of the trial would not have been different but for those errors." Rosario, 601 F.3d at 128.

The state court's findings of fact may bear on whether the state court unreasonably applied the correct federal standard, but they do not obviate the need to start with the correct standard; a finding on a mixed question of law and fact (such as prejudice) is suspect (at least) if it is guided by a defective understanding of the law. Moreover, although the state court conducted a hearing that included testimony from seven prospective alibi witnesses, I am unimpressed by the finding that they were "for the most part, questionable," and that the two who testified at trial were the best of the lot. First, if a witness is without flaw, I tend to suspect perjury; second, corroboration matters. As the panel dissent forcefully explains, Rosario was seriously prejudiced by the absence of more alibi witnesses. Rosario, 601 F.3d at 131-37, 140-42 (Straub, J., dissenting).

**IV**

The full Court took an <u>in banc</u> poll in this case and decided not to revisit the panel's ruling.  But this should not be construed as an imprimatur.[2]

I acknowledge that in most instances the state standard is more solicitous of the Sixth Amendment right to counsel than ours, and I respect the measures taken by the New York courts to administer cases in a way that seeks to accommodate a federal standard that is not congruent.  That said, members of this Court entertain serious disquiet that in the courts of New York the gravity of individual mistakes may be submerged in an overall assessment of effectiveness, in a way that violates the federal Constitution.

Unneeded conflict can be avoided by separate consideration of counsel's performance under the <u>Strickland</u>

---

[2] At different times, this Court has been of different minds on the question.  Some opinions have said (albeit in dicta or in following binding precedent) that the New York test is not contrary to <u>Strickland</u>.  <u>See</u> <u>Eze v. Senkowski</u>, 321 F.3d 110, 124 (2d Cir. 2003); <u>Loliscio v. Goord</u>, 263 F.3d 178, 192-93 (2d Cir. 2001); <u>Lindstadt v. Keane</u>, 239 F.3d 191, 198 (2d Cir. 2001).  A later panel voiced doubt.  <u>See</u> <u>Henry v. Poole</u>, 409 F.3d 48, 70-71 (2d Cir. 2005) (pausing "to question whether the New York standard is not contrary to <u>Strickland</u>," but granting habeas relief on the unreasonable application ground).

standard in the New York courts when a federal challenge is presented. No doubt, there are other ways to the same end. But without some further vigilance in the state courts, the issue will be presented to us one day in a case in which fact-findings do not blur focus on the constitutional question, and an in banc panel of this Court may be convened to deal with it.

POOLER, *J.*, dissenting in the denial of rehearing *en banc*:

I fully join Chief Judge Jacobs' dissent from the denial of rehearing *en banc*. I write separately only to further highlight the injustice this court's denial permits. It is probably correct that *generally* the New York state ineffective assistance standard is more lenient towards defendants than the federal standard. Rosario, however, I am sure would disagree. The state standard can act to deny relief despite an egregious error from counsel so long as counsel provides an overall meaningful representation. This is contrary to *Strickland*. *See Strickland v. Washington*, 466 U.S. 668 (1984). Far from being a theoretical problem as the concurrence suggests, this seems to be exactly what happened in Rosario's case. All three members of the *Rosario* panel agreed that defense counsels' performance was probably ineffective under *Strickland* even though it was not ineffective under the state standard. *Rosario v. Ercole*, 601 F.3d 118, 126 (2d Cir. 2010); *id*. at 129 (Straub, *J.*, dissenting).

At least we all can agree that the New York state courts would be wise to evaluate counsels' performances separately under the federal and the state standards. Doing so will likely prevent future defendants from being penalized by a lacuna in a state standard that we have upheld because it supposedly works to their benefit.