# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

595

KA 09-01138

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

UKIAH R. ATKINS, ALSO KNOWN AS "K,"
DEFENDANT-APPELLANT.

---

FRANK A. ALOI, ROCHESTER, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Monroe County Court (Frank P. Geraci, Jr., J.), entered April 30, 2009. The order denied the motion of defendant to vacate the judgment of conviction pursuant to CPL 440.10.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: Defendant was convicted following a jury trial of murder in the second degree (Penal Law § 125.25 [1]), and the judgment of conviction was affirmed on appeal (*People v Atkins*, 39 AD3d 1230, *lv denied* 9 NY3d 872). Defendant thereafter moved pursuant to CPL 440.10 to vacate the judgment. After that motion was summarily denied, we granted his CPL 460.15 application for a certificate granting leave to appeal.

We reject defendant's contention that he was denied effective assistance of counsel at trial. "To prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations" for defense counsel's allegedly deficient conduct (*People v Rivera*, 71 NY2d 705, 709; *see People v Benevento*, 91 NY2d 708, 712). "A single error may qualify as ineffective assistance, but only when the error is sufficiently egregious and prejudicial as to compromise a defendant's right to a fair trial" (*People v Caban*, 5 NY3d 143, 152). Here, "[trial counsel's] decision not to use an alibi defense, which the District Attorney was prepared to rebut, was a matter of trial strategy and cannot be characterized as ineffective assistance of counsel" (*People v Villone*, 138 AD2d 971, 971, *lv denied* 72 NY2d 913). Additionally, defendant failed to demonstrate that the decision of his trial counsel not to use an alibi defense was "prejudicial to him"

(*People v Barber*, 202 AD2d 978, 979, *lv denied* 83 NY2d 908, citing *People v Ford*, 46 NY2d 1021, 1023).  Contrary to defendant's further contention, he was not entitled to a hearing pursuant to CPL 440.30 (5) inasmuch as his factual contentions concerning trial counsel's alleged deficiencies are unsupported by "any other affidavit or evidence" and, under the circumstances of this case, there is "no reasonable possibility that [defendant's] allegation[s are] true" (CPL 440.30 [4] [d]).

Entered:  June 7, 2013                          Frances E. Cafarell
                                                Clerk of the Court