People v Rice (2018 NY Slip Op 04397)





People v Rice


2018 NY Slip Op 04397


Decided on June 14, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 14, 2018

108321

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
SEAN T. RICE, Appellant.

Calendar Date: April 25, 2018

Before: Garry, P.J., Lynch, Clark, Aarons and Rumsey, JJ.


Carolyn B. George, Albany, for appellant, and appellant pro se.
Joseph Stanzione, District Attorney, Catskill (Danielle D. McIntosh of counsel), for respondent.


Garry, P.J.

MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Mott, J.), rendered February 24, 2016 in Greene County, convicting defendant following a nonjury trial of the crimes of arson in the fourth degree and reckless endangerment in the second degree.
In May 2014, defendant was charged in a 32-count indictment with offenses arising from a fire that he lit in his cell while housed as an inmate in Coxsackie Correctional Facility. All but two of the counts were dismissed as multiplicitous, and defendant went to trial solely on charges of arson in the second degree and reckless endangerment in the first degree. Following a nonjury trial, he was ultimately convicted of the lesser included offenses of arson in the fourth degree and reckless endangerment
in the second degree. Defendant was sentenced, as a second felony offender, to a prison term of 1½ to 3 years on the conviction for arson in the fourth degree and to a one-year conditional discharge on the conviction for reckless endangerment in the second degree, to be served consecutively to the sentence he was then serving on an unrelated matter. Defendant appeals.
Initially, defendant failed to preserve for our review his contention that his conviction of arson in the fourth degree is not supported by legally sufficient evidence demonstrating damages, "as defense counsel's motion for a trial order of dismissal was not 'specifically directed at the alleged error'" (People v Green, 141 AD3d 1036, 1037 [2016], lv denied 28 NY3d 1072 [2016], quoting People v Gray, 86 NY2d 10, 19 [1995]). Nevertheless, as defendant also contends that the verdict is against the weight of the evidence, we must evaluate "whether all elements of the [*2]charged crime[] were proven beyond a reasonable doubt at trial" (People v Agron, 106 AD3d 1126, 1127-1128 [2013] [internal quotation marks, brackets and citation omitted], lv denied 21 NY3d 1013 [2013]; see People v Coleman, 144 AD3d 1197, 1198 [2016]). Where, as here, a different verdict would not have been unreasonable, our weight of the evidence review requires this Court to "weigh the relative strength of conflicting testimony and the relative strength of the conflicting inferences that may be drawn from the testimony" (People v Bleakley, 69 NY2d 490, 495 [1987] [internal quotation marks and citation omitted]; accord People v Robinson, 156 AD3d 1123, 1125 [2017], lv denied 30 NY3d 1119 [2018]; see People v Olsen, 124 AD3d 1084, 1085-1086 [2015], lv denied 26 NY3d 933 [2015]).
As pertinent here, "[a] person is guilty of arson in the fourth degree when he [or she] recklessly damages a building or motor vehicle by intentionally starting a fire or causing an explosion" (Penal Law § 150.05). In this regard, "[t]he slightest damage to a building caused by a fire which is intentionally set is sufficient to establish the damage element of this crime" (People v Fleming, 164 AD2d 942, 943 [1990], lv denied 76 NY2d 1021 [1990]; see People v McDonald, 68 NY2d 1, 13-14 [1986]). As defendant's challenge to the weight of the evidence is limited to the element of damages, our review thus distills to that issue alone.
It is undisputed that, on the night in question, defendant intentionally set fire to clothing and other personal items in his cell. As a result of the smoke created by the burning of defendant's belongings and his fire-proof mattress, all of the inmates located in defendant's housing unit and the unit on the floor above had to be evacuated shortly after midnight, and they were unable to return to their cells for an extended period of time. Five correction officers who responded to the incident consistently testified — and defendant acknowledged — that the fire created thick smoke that made it hard to breathe and required many officers to crawl on their hands and knees in responding to the incident; defendant testified that he had to lie on the floor of his cell to access a small opening at the bottom of his door in order to breathe cleaner air. Defendant contends that damages were limited to his personal items or furniture. In contrast, four correction officers each testified to seeing a blackening of defendant's cell wall above where the fire had been set. Significantly, an expert in arson investigations who responded to the incident testified that he had discovered areas of defendant's cell wall where paint had boiled off, as well as signs of "spalling," which he described as the "concrete actually coming apart" and, thus, "creating a crater or a divot in the wall" as a result of the heat of the fire. Viewing this evidence in a neutral light and giving deference to the underlying credibility assessments, as we must, we cannot say that the verdict is against the weight of the evidence (see People v Narimanbekov, 258 AD2d 417, 417-418 [1999]; People v Calderon, 256 AD2d 122, 122 [1998], lv denied 93 NY2d 851 [1999]; see also People v Jackson, 265 AD2d 343, 343 [1999], lv denied 94 NY2d 824 [1999]). Upon this record, we further find no merit in defendant's contention that he was entitled to the defense of justification on the basis that he allegedly started the fire to create smoke in an effort to seek redress for his broken cell toilet, as "there [was] a reasonable, legal alternative course of action" (People v Craig, 78 NY2d 616, 623 [1991]; see Penal Law § 35.05 [2]).
Defendant next asserts that he was improperly sentenced as a second felony offender without a hearing. We disagree. Where, as here, "it appears that a defendant who stands convicted of a felony has previously been convicted of a predicate felony and may be a second felony offender as defined in [Penal Law § 70.06]," a hearing is required "[w]here the defendant controverts an allegation in the [predicate felony] statement and the uncontroverted allegations in such statement are not sufficient to support a finding that the defendant has been subjected to such a predicate felony conviction" (CPL 400.21 [1], [5]). In this regard, defendant's instant conviction of arson in the fourth degree is a class E felony (see Penal Law § 150.05). The People [*3]properly filed the appropriate predicate felony statement pursuant to CPL 400.21 (2), indicating that defendant had previously been convicted in 2008 of burglary in the third degree, a class D felony, and of attempted burglary in the third degree, a class E felony, and in 2012 of criminal sexual act in the first degree, a class B violent felony (see Penal Law §§ 70.20 [1] [a]; 110.00, 130.50, 140.20). Although defendant argued at sentencing that his prior convictions were unconstitutional, he failed to meet his burden "to allege and prove the facts underlying [his] claim[s]" and, thus, to demonstrate his entitlement to a hearing (People v Harris, 61 NY2d 9, 15 [1983]; see People v Weiss, 99 AD3d 1035, 1039 [2012], lvs denied 20 NY3d 1012, 1015 [2013]). Defense counsel further indicated that none of these prior convictions had been overturned or were the subjects of pending appeals (see People v Ross, 138 AD2d 543, 543 [1988]). Accordingly, Supreme Court properly sentenced defendant as a second felony offender without a hearing (see CPL 400.21; People v Weiss, 99 AD3d at 1039).
Finally, we find no merit in defendant's contention that his counsel's failure to provide timely notice of his intention to assert a psychiatric defense constituted ineffective assistance (see CPL 250.10). As pertinent here, "a simple disagreement with strategies [or] tactics . . ., weighed long after the trial, does not suffice" for a defendant to prevail on an ineffective assistance of counsel claim (People v Flores, 84 NY2d 184, 187 [1994]; accord People v Benevento, 91 NY2d 708, 713 [1998]). In this regard, immediately following Supreme Court's discussion with defense counsel regarding the lack of notice of any psychiatric defense, defendant expressly stated that he did not want to assert such a defense and repeated this position again later in the trial. We note that defendant's request that the court nevertheless receive his mental health records was, in fact, addressed by his counsel when these records were admitted into evidence by stipulation at his counsel's behest. "[V]iewed in totality and as of the time of the representation," defendant received meaningful representation, as his counsel made appropriate pretrial motions, actively cross-examined witnesses, obtained a reduction in the counts against defendant, and successfully requested that lesser included offenses be considered (People v Baldi, 54 NY2d 137, 147 [1981]; accord People v Garrow, 147 AD3d 1160, 1162 [2017]; see People v Zayas-Torres, 143 AD3d 1176, 1179-1180 [2016], lv denied 30 NY3d 984 [2017]).
Defendant's remaining contentions, including those in his pro se supplemental brief, have been reviewed and found to be without merit.
Lynch, Clark, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.