People v Kranz (2023 NY Slip Op 02215)

People v Kranz

2023 NY Slip Op 02215

Decided on April 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CURRAN, BANNISTER, AND MONTOUR, JJ.

245 KA 22-00920

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL E. KRANZ, DEFENDANT-APPELLANT. 

CAMBARERI & BRENNECK, SYRACUSE (MELISSA K. SWARTZ OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oswego County Court (Armen J. Nazarian, J.), rendered May 19, 2022. The judgment convicted defendant upon a nonjury verdict of criminal mischief in the second degree, reckless driving, and reckless endangerment in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed and the matter is remitted to Oswego County Court for proceedings pursuant to CPL 460.50 (5).
Memorandum: On appeal from a judgment convicting him upon a nonjury verdict of, inter alia, criminal mischief in the second degree (Penal Law § 145.10), defendant contends that he was denied effective assistance of counsel based on a series of alleged errors by defense counsel. We reject that contention.
With respect to defendant's assertion that defense counsel was ineffective because he failed to oppose the People's pretrial request to admit a 911 call made by one of the complainants, "[i]t is well settled that '[a] defendant is not denied effective assistance of trial counsel [where defense] counsel does not make . . . a[n] argument that has little or no chance of success' " (People v March, 89 AD3d 1496, 1497 [4th Dept 2011], lv denied 18 NY3d 926 [2012], quoting People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]). Here, the complainant placed the 911 call immediately after defendant backed his truck into the vehicle she was driving, while she was attempting to restart the vehicle in order to leave the scene. During the call, the complainant told the 911 operator "I need the police here, I'm shaking, I'm scared." An objection to the admission of the 911 call would not have been meritorious, because the call was properly admitted "under the excited utterance exception to the hearsay rule inasmuch as the statements were made while [the complainant] was under the extraordinary stress of" the situation, as well as "under the present sense impression exception . . . because [the call] [was] made while the declarant was perceiving 'the event as it [was] unfolding' " (People v Jones, 66 AD3d 1442, 1443 [4th Dept 2009], lv denied 13 NY3d 939 [2010], quoting People v Vasquez, 88 NY2d 561, 574 [1996]). We further reject defendant's contentions that he was denied effective assistance of counsel based on defense counsel's elicitation of allegedly damaging testimony in cross-examining the People's witnesses regarding earlier disputes between defendant and the complainants, and defense counsel's failure to cross-examine the complainants as to which one of them was driving the vehicle when it was struck by defendant. Those contentions involve "simple disagreement[s] with strategies, tactics or the scope of possible cross-examination, weighed long after the trial," and thus are insufficient to establish ineffective assistance of counsel (People v Flores, 84 NY2d 184, 187 [1994]; see generally People v Baldi, 54 NY2d 137, 147 [1981]). With respect to defendant's remaining allegations of ineffective assistance of counsel, we conclude that "the evidence, the law, and the circumstances of [this] particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (Baldi, 54 NY2d at 147).
Entered: April 28, 2023
Ann Dillon Flynn
Clerk of the Court