■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR RIVERA, Appellant. [595 NYS2d 782] —Judgment, Supreme Court, Bronx County (Bonnie Wittner, J.), rendered November 22, 1991, convicting defendant, after jury trial, of three counts of intentional murder in the second degree, three counts of felony murder in the second degree, and one count each of burglary in the second degree and robbery in the

second degree, and sentencing him, as a second violent felony offender, to three consecutive terms of 25 years to life on the intentional murder counts, to run concurrently with three concurrent terms of 25 years to life on the felony murder counts, and two concurrent terms of 12½ to 25 years on the burglary and robbery counts, unanimously affirmed.

Following a pretrial hearing, the trial court properly found that the statement of a non-testifying co-conspirator was admissible, based upon the People's prima facie showing of a conspiracy involving defendant, without recourse to the declaration sought to be introduced (see, People v Salko, 47 NY2d 230, 237-238). The declarant was rendered unavailable to testify by his immutable invocation of his Fifth Amendment privilege, notwithstanding the court's advice that, inter alia, he could be held in contempt (see, People v Thomas, 162 AD2d 403, lv denied 76 NY2d 991). As there was no reasonable expectation that the declarant would testify, there was no necessity for the trial court to call him to the stand, only to have him refuse to testify (supra, at 404). Additionally, because the statement was made prior to disposition of the proceeds of the larceny according to the conspirators' plan, it was made during the course of the conspiracy (People v Storrs, 207 NY 147, 159). As it explained that the murders were "necessary" to cover the conspirators' trail, and was made as the declarant emptied his gun of the telltale shells, it was admissible as made in furtherance of the conspiracy, and as part of the res gestae (People v Davis, 56 NY 95, 103).

We have considered defendant's additional arguments and find them to be without merit. Concur—Sullivan, J. P., Carro, Ellerin and Rubin, JJ.