■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT PETTY, Appellant. [617 NYS2d 784] —Appeal by the defendant from a judgment of the County Court, Nassau County (Seybert, J.), rendered November 2, 1992, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that he was denied his right to the effective assistance of counsel because of his trial attorney's "failure to explore the suggestiveness" of a police officer's prior out-of-court photographic identification of the defendant. We agree with the People that the photographic identification procedure referred to by the defendant was purely confirmatory, and that the notice and hearing requirements relating to potentially suggestive pretrial identification procedures did not apply *(see, People v Breland,* 83 NY2d 286; *see also, People v Rodriguez,* 79 NY2d 445; *People v Williamson,* 79 NY2d 1055; *People v Tas,* 51 NY2d 915; *People v Gissendanner,* 48 NY2d 543; *People v Smith,* 193 AD2d 1054). Counsel's failure to "explore" the circumstances surrounding this confirmatory identification procedure, and his failure to make what would have been a futile motion to preclude, are not inconsistent with the conclusion that he provided the defendant with "meaningful representation" *(People v Baldi,* 54 NY2d 137).

We have examined the defendant's remaining contentions

and find them to be without merit. Bracken, J. P., Lawrence, Santucci and Goldstein, JJ., concur.