■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA VAN VLEET, Appellant. [683 NYS2d 362] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Seneca County Court for resentencing in accordance with the following Memorandum: Defendant appeals from a judgment convicting him following a jury trial of robbery in the first degree (Penal Law § 160.15 [3]), burglary in the first degree (Penal Law § 140.30 [3]), endangering the welfare of a child (Penal Law § 260.10 [1]) and conspiracy in

the fourth degree (Penal Law § 105.10 [1]). We reject the contention of defendant that County Court erred in denying his request to charge attempted burglary in the second degree as a lesser included offense of burglary in the first degree. There is no reasonable view of the evidence to support a finding that defendant committed the lesser offense but not the greater (*see, People v Glover,* 57 NY2d 61, 63; *People v Smith,* 214 AD2d 971, *lv denied* 86 NY2d 847).

Defendant contends that the court erred in denying his motion for a mistrial based on the prosecutor's failure to disclose property obtained from him after his arrest (*see,* CPL 240.20 [1] [f]). We disagree. The court's curative instruction to the jury eliminated any prejudice to defendant (*see, People v Kelly,* 62 NY2d 516, 520-521; *People v Hall,* 181 AD2d 1008, *lv denied* 79 NY2d 948).

We reject the further contention of defendant that he was denied effective assistance of counsel because, despite a favorable *Sandoval* ruling, defense counsel asked defendant on direct examination whether he committed prior burglaries. Pursuant to the court's *Sandoval* ruling, the prosecution could question defendant concerning his prior felonies, but not concerning the nature of the underlying offenses. Defendant failed to show that defense counsel's inquiry into defendant's prior burglary offenses was not part of a valid trial strategy (*see, People v Rivera,* 71 NY2d 705, 708-709; *People v Flemming,* 191 AD2d 987, *lv denied* 82 NY2d 717). Defendant may not claim ineffective assistance of counsel based upon a losing trial tactic (*see, People v Satterfield,* 66 NY2d 796, 798).

The court properly excluded the hearsay testimony of the coconspirator. Statements of a coconspirator are admissible against a defendant as an exception to the hearsay rule if the statements were made in the course of and in furtherance of the conspiracy (*see, People v Tran,* 80 NY2d 170, 179, *rearg denied* 81 NY2d 784; *People v Sanders,* 56 NY2d 51, 62, *rearg denied* 57 NY2d 674). In this case, defendant contended that the statements of his coconspirator established that the coconspirator had attempted to conceal the fruits of the crime after being questioned by the police. Contrary to defendant's contention, those statements did not concern the disposal of property obtained from the larceny according to the conspirators' plan (*see, People v Storrs,* 207 NY 147, 159; *People v Rivera,* 192 AD2d 363, 364, *lv denied* 82 NY2d 758). After defendant and his coconspirator divided the stolen property, the conspiracy was complete. Any statements thereafter made by the coconspirator to his wife were not made in furtherance of

the conspiracy with defendant (*see, People v Marshall*, 306 NY 223, 226; *People v Lurcock*, 219 AD2d 797, *lv denied* 88 NY2d 881).

The court failed to sentence defendant as a second felony offender on his conviction of conspiracy in the fourth degree, a class E felony (*see,* Penal Law § 70.06). Because the sentence imposed on count four of the indictment is illegal, we modify the judgment by vacating that sentence, and we remit the matter to Seneca County Court for resentencing on that count (*see, People v Highsmith*, 248 AD2d 961, *lv denied* 91 NY2d 1008). The sentence is not otherwise unduly harsh or severe. (Appeal from Judgment of Seneca County Court, Bender, J.—Robbery, 1st Degree.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.