▇ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER MARTINEZ, Appellant. [842 NYS2d 845]—

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered March 17, 2004. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by directing that the sentence imposed for criminal possession of a weapon in the second degree shall run concurrently with the sentences imposed on counts one and three of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]), assault in the first degree (§ 120.10 [1]), and criminal possession of a weapon in the second degree (§ 265.03 [2]). Defendant failed to preserve for our review his contention that the People improperly impeached a prosecution witness (*see People v Willis*, 303 AD2d 936 [2003], *lv denied* 100 NY2d 544 [2003]; *People v Marzug*, 280 AD2d 974, 974-975 [2001], *lv denied* 96 NY2d 904 [2001]), and we decline to exercise our

power to review that contention as a matter of discretion in the interest of justice (*see Marzug*, 280 AD2d at 974-975).

We further conclude that County Court properly denied defendant's motion to set aside the verdict based on ineffective assistance of counsel. The record does not support defendant's contention that defense counsel was using drugs during the trial, and the remaining contentions of defendant concerning ineffective assistance of counsel are based on his disagreements with defense counsel's trial strategies. Defendant has failed to meet his burden of establishing the absence of any legitimate explanation for those strategies (*see People v Benevento*, 91 NY2d 708, 712-713 [1998]; *People v Dennis*, 206 AD2d 843 [1994], *lv denied* 84 NY2d 867 [1994]; *see also People v Flores*, 84 NY2d 184, 187 [1994]). Based on "the evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation," we conclude that defendant received meaningful representation (*People v Baldi*, 54 NY2d 137, 147 [1981]).

As the People correctly concede, however, the court erred in directing that the sentence imposed for criminal possession of a weapon in the second degree shall run consecutively to the sentences imposed for murder in the second degree and assault in the first degree under counts one and three of the indictment, respectively. We therefore modify the judgment accordingly. Although the record supports the jury's finding that defendant possessed the weapon illegally, there is no evidence of his intent to use it unlawfully against another person until such time as he used it against the two victims (*see People v Hamilton*, 4 NY3d 654, 658-659 [2005]; *cf. People v Salcedo*, 92 NY2d 1019, 1021-1022 [1998]), and thus the sentence imposed for criminal possession of a weapon in the second degree must run concurrently with the sentences imposed for the two remaining counts. We further conclude, however, that the court properly directed that the sentence imposed for assault in the first degree shall run consecutively to the sentence imposed for murder in the second degree, and that the sentence, as modified, is not unduly harsh or severe. We have considered defendant's remaining contentions and conclude that they are without merit. Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Pine, JJ.