THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID J. MORRISON, Appellant. (Appeal No. 2.) [852 NYS2d 495]—

Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered December 6, 2006. The judgment convicted defendant, upon a jury verdict, of felony driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed and the matter is remitted to Erie County Court for proceedings pursuant to CPL 460.50 (5).

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of felony driving while intoxicated (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [i]) and aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a] [i]). Contrary to the contention of defendant, he was not deprived of effective assistance of counsel when defense counsel included in his omnibus motion a request for a *Huntley* hearing to determine the admissibility of the only statement by defendant to the police that was contained in the People's CPL 710.30 notice, i.e., "I know that I drank too much to drive." We cannot agree with defendant that his statement was equivocal. Indeed, we conclude that it was a damaging admission, particularly in view of additional evidence that defendant operated the vehicle while intoxicated. We thus conclude that defense counsel had a strategic explanation for requesting a *Huntley* hearing to determine the admissibility of that statement (*see generally People v Rivera*, 71 NY2d 705, 709 [1988]). Defendant's contentions that, by requesting a *Huntley* hearing, defense counsel opened the door to the admissibility of other

statements not contained in the CPL 710.30 notice and that defense counsel failed to impeach the credibility of the police officers who testified concerning those additional statements are based on matters outside the record and thus should be raised in a motion pursuant to CPL article 440 (*see People v Moore*, 41 AD3d 1149, 1150 [2007], *lv denied* 9 NY3d 879 [2007], *reconsideration denied* 9 NY3d 992 [2007]). In any event, those officers did not prepare the CPL 710.30 notice, and thus any attempts by defense counsel to impeach their credibility with respect to the failure to include the statements in the CPL 710.30 notice would have been futile. We agree with defendant that defense counsel should not have questioned him concerning the underlying charges of his 1988 conviction when County Court's *Sandoval* ruling precluded the People from doing so and that defense counsel should have objected when the prosecutor questioned defendant in violation of the court's *Sandoval* ruling. We note, however, that defendant's answer to the prosecutor's question was nonresponsive and that the prosecutor immediately moved on to a different line of questioning. We thus conclude that defense counsel's errors were not so egregious and prejudicial that they deprived defendant of his right to a fair trial (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Hobot*, 84 NY2d 1021, 1022 [1995]; *cf. People v Ofunniyin*, 114 AD2d 1045, 1047 [1985]). The further contentions of defendant concerning effective assistance of counsel are based largely on his hindsight disagreements with defense counsel's trial strategies, and defendant failed to meet his burden of establishing the absence of any legitimate explanations for those strategies (*see People v Benevento*, 91 NY2d 708, 712-713 [1998]; *People v Martinez*, 43 AD3d 1408, 1409 [2007]). We conclude that, based on "the evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation," defendant received meaningful representation (*People v Baldi*, 54 NY2d 137, 147 [1981]).

We reject defendant's further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). "The resolution of credibility issues by the jury and its determination of the weight to be given to the evidence are accorded great deference" (*People v Wallace*, 306 AD2d 802, 802 [2003]; *see Bleakley*, 69 NY2d at 495; *People v Davis*, 191 AD2d 705 [1993]). The jury was entitled to credit the testimony of the People's two eyewitnesses and the police officers with respect to defendant's operation of the vehicle and to discredit the version of the incident set forth by defendant and his witnesses. Finally, we reject the contention of defendant that he was denied due process at sentencing, and we conclude

that the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Martoche, Smith, Lunn and Peradotto, JJ.