11-2019-pr
*Martinez v. Kirkpatrick*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of June, two thousand twelve.

PRESENT:

GUIDO CALABRESI,
JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
            *Circuit Judges.*

─────────────────────────────────────────

Christopher Martinez,

            *Petitioner-Appellant,*

            v.                                                    No. 11-2019-pr

Robert Kirkpatrick, Superintendent,
Wende Correctional Facility,

            *Respondent-Appellee.*

─────────────────────────────────────────

| | |
|---|---|
| **FOR PETITIONER-APPELLANT:** | MALVINA NATHANSON, New York, NY. |
| **FOR RESPONDENT-APPELLEE:** | LEILANI RODRIGUEZ, Assistant Attorney General, *of counsel*; Barbara D. Underwood, Solicitor General; and Roseann B. MacKechnie, Deputy Solicitor General; *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY. |

Appeal from the May 10, 2011 judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **REMANDED**.

Petitioner-appellant Christopher Martinez ("Martinez") appeals from the May 10, 2011 judgment of the District Court dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

BACKGROUND

A. The Trial

On February 5, 2003, Martinez was indicted for second degree intentional murder, second degree depraved indifference murder, first degree intentional assault, first degree depraved indifference assault, and second degree criminal possession of a weapon in connection with the shooting death of Gregory Moore outside a bar in Utica, New York. Trial commenced on June 9, 2003 in New York Supreme Court, Oneida County. At trial, Martinez was represented by Robert P. Moran ("Moran"). On June 13, 2003, the jury found Martinez guilty of second degree intentional murder, first degree intentional assault, and second degree criminal possession of a weapon.

In August 2003, before Martinez was sentenced, Moran was arrested and charged with third degree criminal possession of a controlled substance in connection with his role in a methamphetamine distribution ring. Moran pleaded guilty on April 27, 2004, and was subsequently disbarred. On December 1, 2004, Moran was sentenced to eight and one-half to twenty-five years in prison.

B. State Post-Conviction Proceedings

Following Moran's arrest, Martinez retained Anthony LaFache ("LaFache") as new counsel. Acting through LaFache, Martinez filed a motion to set aside the verdict pursuant to Criminal Procedure Law ("CPL") § 330.30, arguing that he was denied effective assistance of counsel due to Moran's use of methamphetamine during the trial. The trial court denied the § 330.30 motion on March 3, 2004, finding no proof that Moran used methamphetamine during his representation of Martinez, or that any alleged drug use impaired Moran's ability to represent Martinez. On March 17, 2004, Martinez was sentenced to an indeterminate prison term of 25 years to life on the murder conviction, a determinate prison term of 25 years to life on the assault conviction, and a determinate prison term of 15 years on the weapon conviction. The trial court directed all sentences to run consecutively.

On May 31, 2006, Martinez, again acting through counsel, moved to vacate the judgment of conviction pursuant to CPL § 440.10, arguing that Moran was ineffective due to his "admitted drug addiction" and failure to hire an investigator, among other things. The trial court denied the § 440.10 motion on August 31, 2006, finding that Martinez "was provided with more than meaningful representation in this matter."

Martinez then filed a *pro se* supplemental § 440.10 motion, arguing for the first time that there was a conflict of interest based on the investigation and prosecution of Moran by the same district attorney's office that prosecuted Martinez. Martinez further claimed that the same judge who presided at his trial authorized wiretaps of Moran's telephone, albeit after the jury had returned a verdict in Martinez's case. The *pro se* motion was denied on December 7, 2006, based on the erroneous assumption that it raised "the exact same issues" as the prior counseled motion.

The Appellate Division thereafter affirmed Martinez's conviction, *People v. Martinez*, 43 A.D.3d 1408 (4th Dep't 2007), and Judge Theodore Jones of the New York Court of Appeals denied leave to appeal, *People v. Martinez*, 9 N.Y.3d 1035 (2008).

### C. Federal Habeas Proceedings

On August 6, 2009, Martinez filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Northern District of New York. The petition claimed, *inter alia*, that Martinez was denied effective assistance of counsel due to Moran's drug addiction and the conflict of interest resulting from the investigation and prosecution of Moran. The District Court dismissed the petition on May 10, 2011, rejecting the ineffective assistance claim and finding no *per se*, actual, or potential conflict of interest between Martinez and Moran.

This appeal followed. On August 18, 2011, we granted a certificate of appealability solely on the issue of whether Martinez was denied effective assistance of counsel due to a conflict of interest presented by the investigation and prosecution of Moran by the same district attorney's office that prosecuted Martinez.

### DISCUSSION

We review a district court's decision to grant or deny a petition for a writ of habeas corpus *de novo*. *See Hemstreet v. Greiner*, 491 F.3d 84, 89 (2d Cir. 2007). Where a claim has been adjudicated on the merits by the state court, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

3

requires deference to the state court determination.[1]  In this case, however, there is no dispute that the conflict of interest claim was not adjudicated on the merits, but instead was rejected on (apparently erroneous) procedural grounds.  Accordingly, we review the conflict of interest claim *de novo.  See, e.g.*, *Cone v. Bell*, 556 U.S. 449, 472 (2009) (citing 28 U.S.C. § 2254(d)).

The Sixth Amendment right to effective assistance of counsel includes "a correlative right to representation that is free from conflicts of interest." *Wood v. Georgia*, 450 U.S. 261, 271 (1981). Conflicts of interest fall into three categories: (1) *per se* conflicts; (2) actual conflicts; and (3) potential conflicts.  *See United States v. Williams*, 372 F.3d 96, 102 (2d Cir. 2004).  *Per se* conflicts of interest are "so severe" that they cannot be waived, and "do not require a showing that the defendant was prejudiced by his representation." *Id.*  Actual conflicts of interest occur when the interests of the defendant and his counsel "diverge with respect to a material factual or legal issue or to a course of action." *United States v. Schwarz*, 283 F.3d 76, 91 (2d Cir. 2002) (internal quotation marks omitted).  Finally, potential conflicts of interest arise if "the interests of the defendant may place the attorney under inconsistent duties at some time in the future." *United States v. Kliti*, 156 F.3d 150, 153 n.3 (2d Cir. 1998).  To violate the Sixth Amendment, an actual conflict must adversely affect the attorney's performance, while a potential conflict must result in prejudice to the defendant. *United States v. Levy*, 25 F.3d 146, 152 (2d Cir. 1994).

## A.  *Per Se* Conflict

In this case, Martinez argues primarily that Moran's criminal activity and subsequent prosecution presented a *per se* conflict.  "*Per se* conflicts are limited to situations where trial counsel is not authorized to practice law, or is implicated in the very crime for which his or her client is on trial." *Armienti v. United States*, 234 F.3d 820, 823 (2d Cir. 2000) (internal citations omitted).  Neither of these circumstances is presented by this case, since the methamphetamine possession that led to Moran's arrest and prosecution was wholly unrelated to the shooting death of Gregory Moore.  *See United States v. Fulton*, 5 F.3d 605, 611 (2d Cir. 1993) ("Of course, the *per se* rule does not apply any time a court learns that an attorney may have committed a crime; the attorney's alleged criminal activity must be sufficiently related to the charged crimes to create a real possibility that the attorney's vigorous defense of his client will be compromised.").  We have previously refused to extend the *per se* rule beyond the limited circumstances previously identified, and we decline to do so here.  *See United States v. Rondon*, 204 F.3d 376, 379–80 (2d Cir. 2000); *Kieser v. People of the State of N.Y.*, 56 F.3d 16, 17–18 (2d Cir. 1995); *Waterhouse v. Rodriguez*, 848 F.2d 375, 383 (2d Cir. 1988).

---

[1] AEDPA provides that, where a claim has been adjudicated on the merits in state court, the writ may not issue unless "the adjudication of the claim . . . (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2).

## B. Actual or Potential Conflict

Martinez argues in the alternative that the case should be remanded for an evidentiary hearing to determine whether an actual or potential conflict existed. In *Armienti v. United States*, 234 F.3d 820 (2d Cir. 2000), we held that the interests of lawyer and defendant "may" diverge where "[t]he lawyer was being criminally investigated by the same United States Attorney's office that was prosecuting [the defendant]." *Id.* at 824–25. We concluded that the defendant "made a sufficient showing to require the district court to hold an evidentiary hearing to determine whether there was an actual conflict of interest and, if so, whether the conflict adversely affected his lawyer's performance." *Id.* at 825.

In this case, the District Court denied Martinez's request for an evidentiary hearing as moot "[i]n light of the Court's decision disposing of the petition." In so holding, the Court cited *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007), for the proposition that "an evidentiary hearing is not required on issues that can be resolved by reference to the state court record." Elsewhere in its decision, the District Court erroneously stated that the state court had considered and rejected Martinez's conflict of interest claim. But there was no state court record on the existence of an actual conflict, since (as the parties acknowledge on appeal) the conflict of interest claim was never adjudicated on the merits in state court. Although *Armienti* does not *require* an evidentiary hearing in these circumstances, the same reasons that prompted a remand in that case counsel in favor of an evidentiary hearing in this one.

Accordingly, the cause is **REMANDED** solely for the purpose of an evidentiary hearing to determine whether an actual or potential conflict of interest existed and, if so, whether the conflict adversely affected Moran's representation. In the interest of judicial economy, any future proceedings on appeal will be assigned to this panel.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court