# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1302**
**KA 14-00841**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MYLES D. TAYLOR, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF
COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY
OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------

Appeal from a judgment of the Erie County Court (Michael L.
D'Amico, J.), rendered April 28, 2014. The judgment convicted
defendant, upon a jury verdict, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him
upon a jury verdict of murder in the second degree (Penal Law § 125.25
[1]). We reject defendant's contention that he did not knowingly and
intelligently waive his right to be present at sidebar conferences
during jury selection (*see People v Antommarchi*, 80 NY2d 247, 250,
*rearg denied* 81 NY2d 759). Defendant's *Antommarchi* waiver was made
explicitly by and through his attorney (*see People v Velasquez*, 1 NY3d
44, 47-50; *People v Keen*, 94 NY2d 533, 538-539), in open court while
defendant was present, and after the court "had articulated the
substance of the *Antommarchi* right" (*Keen*, 94 NY2d at 538-539). To
the extent that defendant contends that defense counsel failed to
adequately explain the waiver to him or to obtain his consent to the
waiver, we conclude that those contentions are based on matters
outside of the record on appeal and are therefore not reviewable on
direct appeal (*see People v Balenger*, 70 AD3d 1318, 1318, *lv denied* 14
NY3d 885).

Inasmuch as defendant made only a general motion for a trial
order of dismissal, he failed to preserve for our review his challenge
to the legal sufficiency of the evidence (*see People v Gray*, 86 NY2d
10, 19). In any event, we conclude that defendant's challenge lacks
merit (*see generally People v Bleakley*, 69 NY2d 490, 495). Moreover,
viewing the evidence in light of the elements of the crime as charged
to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude
that the verdict is not against the weight of the evidence (*see*

*generally Bleakley*, 69 NY2d at 495).  We reject defendant's further contention that the sentence imposed by the court constitutes cruel and unusual punishment.  "Regardless of its severity, a sentence of imprisonment which is within the limits of a valid statute ordinarily is not a cruel and unusual punishment in the constitutional sense" (*People v Jones*, 39 NY2d 694, 697).  Here, the sentence imposed by the court, i.e., an indeterminate term of imprisonment of 13 years to life, is less than the maximum possible sentence (*see* Penal Law § 70.05 [1], [2] [a]; [3] [a]).  Moreover, although defendant was a juvenile at the time he committed the crime, we conclude that the sentence is not "grossly disproportionate" to the crime, and it therefore does not violate the prohibitions against cruel and unusual punishment under the State and Federal Constitutions (*People v Thompson*, 83 NY2d 477, 479; *see People v Broadie*, 37 NY2d 100, 111, *cert denied* 423 US 950).  Finally, the sentence is not unduly harsh or severe (*see* CPL 470.15 [6] [b]).

Entered:  February 5, 2016                    Frances E. Cafarell
                                              Clerk of the Court