# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

120

KA 15-00322

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                             MEMORANDUM AND ORDER

TIMOTHY HARRIS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered January 8, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Contrary to defendant's contention, Supreme Court properly refused to suppress the weapon based on defendant's contention that the testimony of the police witness was not credible. "It is well settled that the suppression court's credibility determinations . . . are granted deference and will not be disturbed unless unsupported by the record" (*People v Esquerdo*, 71 AD3d 1424, 1424, *lv denied* 14 NY3d 887 [internal quotation marks omitted]). Here, the police witness testified that he observed a group of men standing outside a gas station holding red plastic cups and long clear bottles, which he believed were liquor bottles. When he asked the group what they were doing, defendant replied that they were having a few drinks to celebrate his birthday. The police witness testified that he intended to issue citations to the men for violating the city ordinance prohibiting the possession of open containers of alcohol in public, and he directed the men to stand by the police car, at which point defendant ran and the police witness chased him in order to issue a citation for the violation of the ordinance (*see People v Basono*, 122 AD3d 553, 553, *lv denied* 25 NY3d 1069). He testified that, while he was chasing defendant, he observed defendant reach into his pocket and throw an object into a yard. The gun was recovered from that area shortly thereafter. Although a defense witness refuted the police witness's testimony that the men

were drinking liquor, the prosecution presented rebuttal evidence, i.e., a recorded telephone call from the jail wherein defendant stated that he was holding a bottle of liquor when the police approached him. We therefore will not disturb the court's credibility determination, and we conclude that the court properly refused to suppress the gun, which defendant had abandoned (*see People v Martinez*, 80 NY2d 444, 448-449).

Contrary to defendant's further contention, he was not denied his constitutional right to participate in the suppression hearing. Although he remained at the counsel table while the court, the police witness and counsel listened to a dispatch recording during cross-examination of the police witness, the record establishes that defense counsel explicitly waived defendant's presence "in open court while defendant was present," after the court had stated on the record that the only means by which to hear the recording was on the court clerk's computer (*People v Taylor*, 136 AD3d 1331, 1332, *lv denied* 27 NY3d 1075). We further conclude that defendant was not denied his right to be present at a material stage of the proceedings when the court reviewed the recorded telephone call from the jail that was admitted in evidence over defense counsel's objection. Defendant was present when the evidence was admitted in evidence, which is a material stage of the hearing (*see People v Monroe*, 90 NY2d 982, 984). Inasmuch as the exhibit had been received in evidence, the court's review of that evidence was "at best an ancillary proceeding," at which he had the right to be present if he had " 'something of value to contribute,' " or if his "exclusion could 'substantially affect the ability to defend against the charge' " (*id.*). We conclude that "on this record defendant's absence did not compromise his ability to advance his position or counter the People's theory, [and thus] defendant's presence was not required" (*id.*).

We further conclude that defendant was not denied effective assistance of counsel based upon defense counsel's waiver of his presence at the court clerk's desk while the dispatch recording was played during the hearing or upon her consent to the court's request that it review the exhibit of the recorded jail call in chambers, rather than in the full courtroom, after it had been received in evidence (*see generally People v Caban*, 5 NY3d 143, 152). We likewise reject defendant's contention that defense counsel's failure to review the recorded telephone call constitutes ineffective assistance of counsel. The record establishes that defense counsel had been apprised by the prosecutor that the exhibit contained a recorded call wherein defendant stated that he was holding a bottle of liquor when the police arrived, and we conclude that her reliance on the prosecutor's statement does not constitute ineffective assistance of counsel (*see generally id.*). Finally, we reject defendant's contention that the failure of defense counsel to submit a post-hearing argument on the suppression issue constitutes ineffective assistance of counsel. The omnibus motion set forth a cogent theory for suppression of the evidence, and defense counsel vigorously pursued that theory through cross-examination of the police witness and by presenting a defense witness (*cf. People v Clermont*, 22 NY3d 931, 933-934; *People v Layou*, 114 AD3d 1195, 1198). We therefore

conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Entered:  February 3, 2017                    Frances E. Cafarell
                                              Clerk of the Court