People v Tyler (2018 NY Slip Op 07854)





People v Tyler


2018 NY Slip Op 07854


Decided on November 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND WINSLOW, JJ.


1012 KA 16-01507

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
STEVEN L. TYLER, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS P. DIFONZO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (JULIE BENDER FISKE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered April 25, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that County Court erred in denying that part of his omnibus motion seeking to suppress a handgun and his oral statements to the police. We reject defendant's contention that the testimony of one of the police officers at the suppression hearing was incredible as a matter of law. It is well settled that "great deference should be given to the determination of the suppression court, which had the opportunity to observe the demeanor of the witnesses and to assess their credibility, and its factual findings should not be disturbed unless clearly erroneous" (People v Layou, 134 AD3d 1510, 1511 [4th Dept 2015], lv denied 27 NY3d 1070 [2016], reconsideration denied 28 NY3d 932 [2016]; see People v Harris, 147 AD3d 1354, 1355 [4th Dept 2017], lv denied 29 NY3d 1032 [2017]). Inasmuch as the testimony of the relevant police officer does not appear to be "patently tailored to nullify constitutional objections . . . [or] impossible of belief because it is manifestly untrue, physically impossible, contrary to experience, or self contradictory" (People v Garafolo, 44 AD2d 86, 88 [2d Dept 1974]), we find no basis in the record to disturb the suppression court's determination to credit the officer's testimony (see People v Hale, 130 AD3d 1540, 1541 [4th Dept 2015], lv denied 26 NY3d 1088 [2015], reconsideration denied 27 NY3d 998 [2016]).
We reject defendant's further contentions that the police lacked an objective, credible reason to justify their initial request for information and that they lacked a founded suspicion of criminality to justify a common-law inquiry. The testimony at the suppression hearing establishes that, shortly before 9:00 p.m. on a freezing-cold night in January, a Buffalo police officer observed defendant walking in a high-crime area where there had been a recent increase in shootings and where there was no other pedestrian or vehicular traffic. The officer was in the passenger seat of a marked patrol vehicle driven by his partner, and the officers were following two other marked police vehicles. As the second police vehicle passed defendant, the officer saw him look back at the police vehicle, gesture toward his waistband, and lift up something in the area of his right hip. When the third police vehicle came into defendant's view, defendant looked stunned: his eyes widened, he slowed his pace, and he appeared unsure of what to do. Although it was dark outside, the street was well lit, and the officer could see a bulge at defendant's right hip. The officer rolled down his window and asked defendant where he was headed. Defendant gave a seemingly implausible response, given the temperature and the distance to his claimed destination, and the officer asked defendant to step over to the patrol [*2]vehicle, intending to engage him in further conversation. The officers did not activate their overhead lights or siren and remained inside their patrol vehicle. As defendant walked toward the patrol vehicle, however, the officer observed that the bulge in his waistband was consistent with a handgun. As defendant bent toward the officer's open window, the officer told defendant to wait and asked what was in his waistband. Defendant restated where he was going, and the officer again asked what was in his waistband. Defendant swore, pulled out a handgun, and fled. The officer thereafter exited the patrol vehicle and pursued defendant.
We conclude that "the action taken [by the police] was justified in its inception and at every subsequent stage of the encounter" (People v Nicodemus, 247 AD2d 833, 835 [4th Dept 1998], lv denied 92 NY2d 858 [1998]; see generally People v Hollman, 79 NY2d 181, 184-185 [1992]; People v De Bour, 40 NY2d 210, 222-223 [1976]). "[I]n light of the late hour, the cold weather, the absence of other pedestrian or automobile traffic, . . . the presence of [defendant] in a high[-]crime area" (People v Riddick, 70 AD3d 1421, 1422 [4th Dept 2010], lv denied 14 NY3d 844 [2010]), and the officer's observations of defendant, the officer had an objective, credible reason to ask defendant where he was going (see generally People v Garcia, 20 NY3d 317, 322 [2012]; De Bour, 40 NY2d at 223). Furthermore, defendant's implausible answer to the officer's question and the officer's observations of defendant provided a founded suspicion of criminality (see generally De Bour, 40 NY2d at 215; People v Cantor, 36 NY2d 106, 113-114 [1975]). Finally, defendant's subsequent display of a handgun and his flight justified the officer's pursuit of him (see People v Daniels, 147 AD3d 1392, 1393 [4th Dept 2017], lv denied 29 NY3d 1077 [2017]; see generally People v Martinez, 59 AD3d 1071, 1072 [4th Dept
2009], lv denied 12 NY3d 856 [2009]).
Entered: November 16, 2018
Mark W. Bennett
Clerk of the Court