People v Gibson (2019 NY Slip Op 04856)





People v Gibson


2019 NY Slip Op 04856


Decided on June 14, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1357 KA 16-01004

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRODES J. GIBSON, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CAITLIN M. CONNELLY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (SHIRLEY A. GORMAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Genesee County Court (Michael F. Pietruszka, A.J.), rendered May 6, 2016. The judgment convicted defendant, upon a jury verdict, of aggravated unlicensed operation of a motor vehicle in the first degree (two counts), driving while ability impaired, reckless driving, unlawfully fleeing a police officer in a motor vehicle in the third degree and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, one count of driving while ability impaired ([DWAI] Vehicle and Traffic Law § 1192 [1]), two counts of aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a] [i]), and one count of endangering the welfare of a child (Penal Law § 260.10 [1]). Contrary to defendant's contention, viewing the evidence in light of the elements of those crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). "The resolution of credibility issues by the jury and its determination of the weight to be given to the evidence are accorded great deference" (People v Wallace, 306 AD2d 802, 802 [4th Dept 2003]; see Bleakley, 69 NY2d at 495). Here, the jury was entitled to credit the testimony of the People's witnesses regarding defendant's "poor driving, signs of intoxication, [and refusal] to perform field sobriety tests[] and . . . chemical test[s]" to determine his blood alcohol content and regarding the fact that defendant drove his vehicle over a field toward a playground where children were playing, nearly striking a nine-year-old child (People v Gelster, 256 AD2d 1133, 1133 [4th Dept 1998]; see People v Morrison, 48 AD3d 1044, 1045 [4th Dept 2008], lv denied 10 NY3d 867 [2008]; see generally Bleakley, 69 NY2d at 495). Concomitantly, the jury was entitled to "discredit the version of the incident set forth by defendant" (Morrison, 48 AD3d at 1045; see generally Bleakley, 69 NY2d at 495).
Contrary to defendant's further contention, he was not denied effective assistance of counsel when defense counsel asked him on direct examination if he had a valid driver's license on the day of his arrest. Defendant failed to demonstrate the " absence of strategic or other legitimate explanations' for counsel's alleged shortcomings" (People v Benevento, 91 NY2d 708, 712 [1998]). Indeed, under the Sandoval ruling, the People were allowed to question defendant regarding a prior conviction for aggravated unlicensed operation of a motor vehicle. Thus, defense counsel employed sound trial strategy by eliciting defendant's admission that he lacked a valid driver's license to diminish the impact of the People's likely cross-examination regarding the prior conviction (see People v Salsbery, 78 AD3d 1624, 1625 [4th Dept 2010], lv denied 16 NY3d 836 [2011]; People v Van Vleet, 256 AD2d 1181, 1182 [4th Dept 1998]). Additionally, even assuming, arguendo, that defense counsel should have objected to the prosecutor's limited violation of the Sandoval ruling while cross-examining defendant, we conclude that any such error did not deprive defendant of his right to a fair trial (see Morrison, 48 AD3d at 1045; see [*2]generally Benevento, 91 NY2d at 713). We have reviewed defendant's remaining allegations of ineffective assistance of counsel and conclude that they lack merit.
Lastly, we reject defendant's contention that the court violated CPL 320.10 (2) by accepting his stipulation to the conviction of both counts of aggravated unlicensed operation of a motor vehicle in the first degree without obtaining a waiver of his right to a jury trial. In order to establish that defendant committed one of the counts of aggravated unlicensed operation of a motor vehicle in the first degree, the People would have introduced evidence that he had a prior conviction of DWAI (Vehicle and Traffic Law § 1192 [1]; see § 511 [2] [a] [ii]; 3 [a] [i]), and defendant waived his present contention by
" freely and voluntarily enter[ing] into [a] stipulation as part of a strategy to keep the jury from learning of his prior [DWAI] conviction' " (People v Smith, 306 AD2d 858, 859 [4th Dept 2003], lv denied 100 NY2d 587 [2003]; see People v Donhauser, 255 AD2d 933, 934 [4th Dept 1998]).
Entered: June 14, 2019
Mark W. Bennett
Clerk of the Court