People v Smith (2021 NY Slip Op 01889)





People v Smith


2021 NY Slip Op 01889


Decided on March 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, WINSLOW, AND BANNISTER, JJ.


74 KA 19-01923

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DEYONTAY SMITH, DEFENDANT-APPELLANT. 






EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered July 24, 2019. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of murder in the second degree (Penal Law
§ 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [1] [b]). We reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). "The resolution of credibility issues by the jury and its determination of the weight to be given to the evidence are accorded great deference" (People v Wallace, 306 AD2d 802, 802 [4th Dept 2003]; see Bleakley, 69 NY2d at 495). Here, the jury was entitled to credit the testimony of an eyewitness to the shooting, which occurred outside of the home where the eyewitness and the victim lived, and who identified defendant in a photo array as the shooter. The eyewitness's testimony was corroborated by, inter alia, surveillance footage showing that, just prior to the shooting, one or more persons in a Ford Taurus followed the victim from his place of work to the street where he resided, and testimony from another witness, along with defendant's admission to the police, that, approximately an hour before the shooting, defendant was driving the Ford Taurus. "Sitting as the thirteenth juror . . . [and] weigh[ing] the evidence in light of the elements of the crime[s] as charged to the other jurors" (People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that, although a different verdict would not have been unreasonable, it cannot be said that the jury failed to give the evidence the weight it should be accorded (see generally Bleakley, 69 NY2d at 495; People v Davis, 115 AD3d 1167, 1168-1169 [4th Dept 2014], lv denied 23 NY3d 1019 [2014]).
Contrary to the further contention of defendant, he was not deprived of effective assistance of counsel when defense counsel failed to call an expert witness on the reliability of eyewitness identification. Defendant has failed to establish the absence of any strategic or other legitimate explanation for the failure of defense counsel to call an expert (see generally People v Caban, 5 NY3d 143, 152 [2005]). Moreover, defendant failed to demonstrate that he was prejudiced by the lack of such expert testimony, especially in light of defense counsel's "vigorous cross-examination" of the eyewitness (People v Maxey, 129 AD3d 1664, 1665 [4th Dept 2015], lv denied 27 NY3d 1002 [2016], reconsideration denied 28 NY3d 933 [2016]). Defendant's further contentions that defense counsel was ineffective for failing to impeach the eyewitness by calling witnesses to testify regarding the eyewitness's prior inconsistent statements and allegedly opening the door to the admission in evidence of a video recording of the eyewitness identification procedure are simply "hindsight disagreements with defense counsel's trial strategies, and defendant failed to meet his burden of establishing the absence of any legitimate explanations for those strategies" (People v Morrison, 48 AD3d 1044, 1045 [4th Dept [*2]2008], lv denied 10 NY3d 867 [2008]).
Entered: March 26, 2021
Mark W. Bennett
Clerk of the Court