People v Belton (2021 NY Slip Op 06254)





People v Belton


2021 NY Slip Op 06254


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, CURRAN, AND DEJOSEPH, JJ.


834 KA 16-02156

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DARRELL BELTON, JR., DEFENDANT-APPELLANT. 






KATHLEEN A. KUGLER, CONFLICT DEFENDER, LOCKPORT (JESSICA J. BURGASSER OF COUNSEL), FOR DEFENDANT-APPELLANT.
BRIAN D. SEAMAN, DISTRICT ATTORNEY, LOCKPORT (LAURA T. JORDAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), rendered September 16, 2015. The judgment convicted defendant upon a jury verdict of murder in the second degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]), defendant contends that he was denied effective assistance of counsel based on counsel's alleged failures to, among other things, adequately challenge the suggestiveness of the photo array during the Wade hearing and submit a timely argument after that hearing, cross-examine witnesses, move for a trial order of dismissal, or call a witness who would disprove a jail deputy's testimony concerning defendant's statements. We reject that contention. With respect to the Wade hearing, we conclude that "even assuming, arguendo, that defense counsel could have established suggestiveness of the identification procedure, . . . defense counsel could have concluded that there was an independent source for the identification of defendant" at trial by the witness who viewed the photo array (People v Dark, 122 AD3d 1321, 1322 [4th Dept 2014], lv denied 26 NY3d 1039 [2015], reconsideration denied 27 NY3d 1068 [2016]). Specifically, the witness who viewed the photo array testified at trial that she had seen defendant once or twice per week for more than a year, knew what type of car defendant drove, and knew defendant's street name, which she provided to the 911 operator prior to viewing the photo array. In light of the witness's familiarity with defendant (see generally People v Rodriguez, 79 NY2d 445, 450 [1992]; People v Gambale, 158 AD3d 1051, 1052-1053 [4th Dept 2018], lv denied 31 NY3d 1081 [2018]), we conclude that any further attempt by defense counsel to suppress the identification of defendant by that witness through a Wade hearing would have been futile, and that defense counsel thus was not ineffective (see People v Petty, 208 AD2d 774, 774 [2d Dept 1994], lv denied 84 NY2d 1036 [1995]; see also People v Smith, 118 AD3d 1492, 1493 [4th Dept 2014], lv denied 25 NY3d 953 [2015]; see generally People v Caban, 5 NY3d 143, 152 [2005]).
We reject defendant's further contention that defense counsel's failure to timely make written arguments after the Wade hearing constituted ineffective assistance of counsel. Counsel submitted written arguments that, although untimely, were considered by Supreme Court, and those arguments "set forth a cogent theory for suppression of the evidence, and defense counsel vigorously pursued that theory through cross-examination of the police witness" (People v Harris, 147 AD3d 1354, 1356 [4th Dept 2017], lv denied 29 NY3d 1032 [2017]; cf. People v Clermont, 22 NY3d 931, 933-934 [2013]). Similarly, counsel's failure to preserve all of defendant's legal sufficiency challenges does not constitute ineffective assistance because those challenges would not have been meritorious (see People v Jackson, 108 AD3d 1079, 1080 [4th Dept 2013], lv denied 22 NY3d 997 [2013]).
Defendant's contention that defense counsel was ineffective in failing to call a particular witness is based on matters outside the record and thus must be raised in a motion pursuant to CPL article 440 (see generally People v Maffei, 35 NY3d 264, 269-270 [2020]). Defendant's contentions concerning the purported inadequacies in the cross-examination of the witnesses are merely "hindsight disagreements with defense counsel's trial strategies, and defendant failed to meet his burden of establishing the absence of any legitimate explanations for those strategies" (People v Morrison, 48 AD3d 1044, 1045 [4th Dept 2008], lv denied 10 NY3d 867 [2008]; see People v Smith, 192 AD3d 1648, 1649 [4th Dept 2021], lv denied 37 NY3d 968 [2021]). Viewing the evidence, the law, and the circumstances of the case as a whole and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Contrary to defendant's further contention, the court did not err in imposing consecutive sentences. "So long as a defendant knowingly unlawfully possesses a loaded firearm before forming the intent to cause a crime with that weapon, the possessory crime has already been completed, and consecutive sentencing is permissible" (People v Brown, 21 NY3d 739, 751 [2013]; see People v Malloy, 33 NY3d 1078, 1080 [2019]). Here, eyewitness testimony establishes that defendant was asked to come to the victim's house to provide marihuana, that he did so, and that he was there speaking to the victim for some time about a possible sale of that drug before defendant took the weapon out of a pocket in his sweatshirt and shot the victim several times, "supporting the conclusion that defendant possessed the weapon for a sufficient period of time before forming the specific intent to kill" (Malloy, 33 NY3d at 1080; see People v Redmond, 182 AD3d 1020, 1022-1023 [4th Dept 2020], lv denied 35 NY3d 1048 [2020]; People v Walton, 168 AD3d 1103, 1107 [2d Dept 2019], lv denied 33 NY3d 1036 [2019], reconsideration denied 34 NY3d 955 [2019]).
We have considered defendant's remaining contention, and we conclude that it does not require reversal or modification of the judgment.
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court