People v Archie (2022 NY Slip Op 02665)

People v Archie

2022 NY Slip Op 02665

Decided on April 22, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND BANNISTER, JJ.

156 KA 13-01423

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BOOKER ARCHIE, DEFENDANT-APPELLANT. 

THE FOTI LAW FIRM, ROCHESTER (JESSICA LAUREN NACLERIO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered May 16, 2013. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]) and one count of criminal possession of a weapon in the third degree (§ 265.02 [1]). We reject defendant's contention that he was denied effective assistance of counsel due to defense counsel's failure to review all of defendant's recorded jail telephone calls and defense counsel's reliance on the prosecutor's statement that the only call that was relevant was the one played to the jury (see generally People v Harris, 147 AD3d 1354, 1356 [4th Dept 2017], lv denied 29 NY3d 1032 [2017]). We have reviewed defendant's remaining claims of ineffective assistance of counsel, and we conclude that, because "the evidence, the law, and the circumstances [in this] case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement [has] been met" (People v Baldi, 54 NY2d 137, 147 [1981]).
We reject defendant's further contention that County Court erred in denying his request for a circumstantial evidence charge. That instruction was not required "because the People's case was not based entirely on circumstantial evidence" (People v Way, 115 AD3d 558, 558 [1st Dept 2014], lv denied 24 NY3d 1048 [2014]; see People v Daddona, 81 NY2d 990, 992 [1993]). The People offered direct evidence by way of defendant's admissions in the recorded jail call played to the jury that he had possessed the gun and attempted to shoot the victim, but the gun had jammed (see generally People v Guidice, 83 NY2d 630, 636 [1994]; People v Rogers, 103 AD3d 1150, 1154 [4th Dept 2013], lv denied 21 NY3d 946 [2013]).
Contrary to defendant's contention, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Finally, the sentence is not unduly harsh or severe.
Entered: April 22, 2022
Ann Dillon Flynn
Clerk of the Court